**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Lee Arnold RAND, aka Lee Rand, Defendant—Appellant.**

**No. 01–50601.**

**D.C. No. CR–00–01158–CRM–01.**

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 13, 2002.*

Decided Sept. 17, 2002.

Before THOMPSON and RAWLINSON, Circuit Judges, and SCHWARZER, District Judge.**

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** The Honorable William W. Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation.

MEMORANDUM***

Lee Arnold Rand entered a conditional guilty plea to possession of stolen mail in violation of 18 U.S.C. § 1708, reserving his claim that the stolen mail evidence should have been suppressed. The district court denied his suppression motion, and we affirm.

Sheriff Deputies Porowski and March lawfully approached Rand and co-defendant Aaron Gonzalez and spoke with them. This encounter was permissible as both a consensual conversation, *see Florida v. Bostick,* 501 U.S. 429, 434, 111 S.Ct. 2382, 115 L.Ed.2d 389 (1991), and as a lawful *Terry* stop. *See Terry v. Ohio,* 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). The officers had observed that Rand and Gonzalez were disturbing the peace by yelling at each other near the stairway of the motel. During the brief period of questioning, Gonzalez volunteered that his drivers license had been suspended, though he had keys to a nearby car. Deputy March looked through the windshield of this car, copied down its Vehicle Identification Number (VIN), and determined from a computer search that the car was stolen. This gave the officers further reason to detain Rand and Gonzalez to continue questioning them; accordingly, they separated them by handcuffing Rand and placing him in the patrol car. The officers then picked up car keys that Rand had dropped. They clicked the remote device attached to the car keys and that opened the trunk of another car nearby. Deputy Porowski looked through the window of this car, copied down its VIN number, and determined that it also had been stolen. This, in combination with the other circumstances mentioned, provided probable cause for the arrest of Rand and Gonzalez.

Gonzalez, who was the only individual listed on the motel room registration form, gave written consent to search the room. In the room, the officers discovered the challenged stolen mail evidence. There was no Fourth Amendment violation, and the motion to suppress was properly denied.

AFFIRMED.

***

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.